**AARON J. ROMANO, P.C.**
By: Aaron J. Romano #20100
45 Wintonbury Avenue, Suite 107
Bloomfield, CT 06002
(860) 286-9026

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
_____x
PHILIP A. GIORDANO              :    3:11cv09(SRU)
         Petitioner,            :
                                :
    V.                          :
                                :
USA                             :
         Respondent.            :    MAY 3, 2013
_____x
```

## PETITIONER'S MEMORANDUM
## IN SUPPORT OF EVIDENTIARY HEARING

Pursuant to 28 U.S.C. § 2255, et seq., and the Fifth, Sixth, and Eighth Amendments to the United States Constitution and with the direct consent of the Petitioner, PHILIP A. GIORDANO, by and through his attorney Aaron J. Romano, the Petitioner respectfully submits this Memorandum in Support of an Evidentiary Hearing on the Petitioner's First Amended Motion under U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In support thereof, the Petitioner respectfully avers as follows:

**I.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO SUBPOENA DEPARTMENT OF CHILDREN AND FAMILIES RECORDS**

Accepting Attorney Bowman's attestations in his affidavit and attached exhibits that the Petitioner's continued denial of the sexual abuse allegations were seemingly futile in the face of the recorded conversations between the Petitioner and co-defendant Guitana

1

Jones, there can be no other explanation for trial counsel's decision to abandon efforts to procure Department of Children and Family ("DCF") records save ineffectiveness. The only defense available which did not depend on the veracity of the sexual abuse itself was that if such abuse occurred, as allegedly perpetuated by the Petitioner,[1] it was not done "under color of law." 18 U.S.C. §242. In order to demonstrate that the abuse was not "made possible only because the wrongdoer is clothed with the authority of state law,"[2] trial counsel could easily establish for the jury that Guitana Jones had previously and repeatedly subjected the minor females in her family to sexual exploitation in return for money to support her drug habit. The prior abuse was the impetus for DCF involvement in the household. Trial counsel, aware of the existence of these records, and despite initially requesting them, subsequently abandoned his efforts to procure them prior to trial and seek their admission at the same.

As the Petitioner argued in his Reply to the Government's Response to the Petitioner's First Amended Motion under U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "Reply"), trial counsel represented to the court (Nevas, J.) repeatedly that the DCF records were essential to the Petitioner's defense, however, upon being informed that he had subpoenaed the incorrect agency, trial counsel undertook no further efforts to secure the DCF files. See e.g. N.T. 3/10/2003 at 10; N.T. 3/10/2003 at 15; N.T. 3/10/2003 at 21-22; N.T. 3/10/2003 at 45-46. Although the court (Nevas, J.) was able to perform an *in camera* review of the **Juvenile Court** files with

---

[1] Again, the Petitioner in no way concedes the allegations of abuse.

[2] United States v. Classic, 313 U.S. 299, 325-6 (1941).

respect to V1 and V2, the **DCF files** were never reviewed.³ The complete desertion of the DCF records was not the product of a reasonable strategic decision by trial counsel. "Without reading the records, counsel had no strategic reason to think further investigation was unnecessary." Winston v. Kelly, 592 F. 3d 535, 565 (4th Cir. 2010) citing Rompilla v. Beard, 545 U.S. 374 (2005). "The right to reasonably competent counsel imposes a correlative duty on defense counsel to undertake reasonable steps to investigate all avenues of defense." (Internal citations and quotations omitted) United States v. Tucker, 716 F. 2d 576, 583 n. 16 (9th Cir. 1983).

Based upon the limited information the Petitioner had available to him, discussed in detail in the Petitioner's Sealed Reply, it was apparent that there were substantial, and substantiated, allegations that Guitana Jones effectuated the sexual abuse of minor females by multiple men, without regard to the governmental influence welded by the Petitioner. To the contrary, the only determinative factor was the availability of payment, not political prowess.

In consideration of trial counsel's professed assessment that the recorded conversations were incredibly damaging, coupled with his evaluation of the Petitioner's trial testimony,⁴ the only reasonable defense would have been to attack the "color of law" requirement. Trial counsel's failure to do so was ineffective. "We have a hard time seeing what kind of strategy, save an ineffective one, would lead a lawyer to deliberately omit his

---

³ Additionally, as raised in the Petitioner's Reply, no records, either possessed DCF or Juvenile Court, for R.M. were requested by trial counsel, although both contain undoubtedly exculpatory information.

⁴ See Attorney Bowman's Affidavit at ¶ 21.

client's only defense..." United States v. Span, 75 F. 3d 1383, 1390 (9th Cir. 1996). See also Henderson v. Sargent, 926 F. 2d 706, 712 (8th Cir. 1991): "Given this strong evidence showing counsel's complete failure to pursue a viable defense, we find trial counsel ineffective for failing to investigate the plausible defense theory...We also find trial counsel ineffective for failing to assert this theory at trial."

Upon review, the DCF records will assuredly evince that the abuse of V1 and V2 was not "made possible only because the [Petitioner was] clothed with the authority of state law." Trial counsel's failure to request these records effectively negated this viable defense to the color of law claims. "The most able and competent lawyer in the world can not [sic] render effective assistance in the defense of his client if his lack of preparation for trial results in his failure to learn of readily available facts which might have afforded his client a legitimate justiciable defense." McQueen v. Swenson, 498 F. 2d 207, 217 (8th Cir. 1974). "A lawyer who fails adequately to investigate, and to introduce into evidence, records that demonstrate his client's factual innocence, or that raise sufficient doubt as to that question to undermine the confidence in the verdict, renders deficient performance." Hart v. Gomez, 174 F. 3d 1067, 1070 (9th Cir. 1999). Prejudice in this case is unquestionably established by the Petitioner's convictions.

## II.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CONTEST THE ISSUANCE OF THE ERRONEOUS COLOR OF LAW JURY INSTRUCTION

It is axiomatic that the United States Constitution demands that a jury must find a defendant guilty beyond a reasonable doubt. "What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense charged...and must persuade the factfinder

beyond a reasonable doubt of the facts necessary to establish each of these elements." (Internal citations and quotations omitted) <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 277-278 (1993). "Lest there remain any doubt about the constitutional stature of the reasonable doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction expect upon proof beyond a reasonable doubt *of every fact* necessary to constitute the crime with which he is charged." (Emphasis in the original) <u>Sandstrom v. Montana</u>, 442 U.S. 510, 520 (1979) <u>quoting</u> <u>In re Winship</u>, 397 U.S. 358, 364 (1970).

     In this case, the obviation of the essential "but for" element of a color of law offense, absent in the Government's presentation of its case and culminating in the issuance of an erroneous jury instruction served to deprive the Petitioner of his Due Process right to a fair trial. It is well established that, "Misuse of power, possessed by virtue of state law **and made possible only because the wrongdoer is clothed with the authority of state law**, is action taken under color of state law." (Emphasis added)(Internal citations and quotations omitted) <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941). The jury instruction issued in the Petitioner's case, however, omitted the requirement that the misconduct was made possible <u>only</u> because the Petitioner was clothed with the authority of state law. Instead, the court (Nevas, J.) instructed the jury: "Misconduct made possible because the public official is clothed with the authority of the law is action under color of law." <u>N.T. 3/24/2003 at 2102-2104.</u> A jury instruction is erroneous if it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." <u>United States v. Bok</u>, 156 F. 3d 157, 160 (2d Cir. 1998).

     The jury instruction issued by the court in the Petitioner's case both mislead the jury

5

as to the correct legal standard and did not adequately inform the jury on the law.  "That determination requires careful attention to the words actually spoken to the jury...for whether a defendant has been according his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction." Sandstrom v. Montana, 442 U.S. 510, 515 (1979).  The distinction created by the word "only" is not abstract.  As the United States Supreme Court posited in Screws v. U.S., 325 U.S. 91, 112 (1945):

> The Classic case[5] was not the product of hasty action or inadvertence.  It was not out of line with the cases which preceded.  It was designed to fashion the governing rule of law in this important field.  We are not dealing with constitutional interpretations which throughout history of the Court have wisely remained flexible and subject to frequent re-examination.  The meaning which the Classic case gave to the phrase 'under color of law' involved only a construction of the statute.

The lexical imperative of the Classic decision imposed on the Government an independent burden of proof.  A jury must thus find, beyond a reasonable doubt, that the deprivation of rights was made possible only because the wrongdoer is clothed with the authority of state law.  Absent this foundational "but for" causal link, the jury was permitted to find that if the Petitioner was the Mayor of Waterbury at the time of the alleged abuse, which he indisputably was, and if the alleged abuse did in fact occur, the Petitioner must therefore have been acting under color of law.  The aggregate of these two conclusions resulted in the presumption that the Petitioner had acted under color of law.  "...when the latter facts are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding the ultimate fact, making those findings is functionally

---

[5] "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Classic, 313 U.S. 299, 326 (1941).

equivalent to finding the element required to be presumed." Sullivan v. Louisiana, 508 U.S. 275, 281 (1993).  This presumption discharges the Government of its it burden of proof as to an essential element of the crime charged.  "Jury instructions relieving the [Government] of this burden violate a defendant's due process rights...Such directions subvert the presumption of innocence accorded to accused persons and also invade the truth-finding task assigned solely to juries in criminal cases." (Internal citations and quotations omitted) Carella v. California, 491 U.S. 263, 265 (1989)

> A presumption which would permit the jury to make an assumption which all the evidence  considered together does not logically establish would give to a proven fact an artificial and fictional effect.  In either case, *this presumption would conflict with the overriding presumption of innocence which the law endows the accused and which extends to every element of the crime*. (Emphasis in the original)(Internal citations and quotations omitted) Sandstrom v. Montana, 442 U.S. 510, 522 (1979).

See also U.S. v. Holly, 488 F. 3d 1298, 1307 n. 7 (10th Cir. 2007):

> A conviction violates due process if the state is not required to prove every element of the offense beyond a reasonable doubt.  In re Winship, 397 U.S. 358, 360, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970).  In this case, the erroneous jury instruction relieved the government of its burden to show the victims were placed in fear of death, serious bodily injury, or kidnapping, which was a necessary element of the offense of deprivation of rights under color of law involving aggravated sexual abuse.  Thus, the erroneous jury instruction in this case is constitutional error.

This is precisely the concern articulated by Justice Jacobs in his dissenting opinion, U.S. v. Giordano, 442 F. 3d 30, 49 (2d. Cir. 2006):

> In these paradigm cases, the but-for cause of the abuse is apparent, and a jury needs no special instruction to understand that the abuse was made possible by the abuser's position. *See, e.g., Pitchell v. Callan,* 13 F.3d 545, 548 (2d Cir.1994) ("[L]iability may be found where [an official], albeit off-duty, nonetheless invokes the real or apparent power of [his office]."). In Giordano's trial, however, the district court omitted the crucial word "only" that Classic requires, and thus charged: "Misconduct made possible because the public official is clothed with the authority of the law is action under color of

law." The inadequacy of this instruction is not raised on appeal, and need not be considered; but Giordano has preserved the argument that the evidence was insufficient under the "color of law" standard set forth by the Supreme Court. And I conclude that no reasonable juror could find properly that this defendant acted under color of law.

As Justice Jacobs notes above, the erroneous jury instruction was not raised on appeal, and as the Petitioner claims, trial counsel's failure to object to the improper instruction and raise the issue on appeal was ineffective. Id. Despite the Government's argument that any potential prejudice emanating from the erroneous jury instruction is avoided by the Second Circuit's finding that there was sufficient evidence for the jury to conclude that the Petitioner was acting under color of law,[6] the United States Supreme Court has recognized that the potential sufficiency of evidence does not remedy the constitutional violation caused by an erroneous jury instruction.

> **In other words, the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure and standards appropriate for criminal trials...Findings made by a judge cannot cure deficiencies in the jury's findings as to the guilt or innocence of a defendant resulting from the court's failure to instruct it to find an element of the crime**. (Emphasis added)(Internal citations and quotations omitted) Carella v. California, 491 U.S. 263, 269 (1989)(Scalia, J. concurring)

"And the problem would not be cured by an appellate court's determination that the record evidence *unmistakably* established guilt, for that would represent a finding of fact by judges, not by a jury. As with a directed verdict, 'the error in such a case is that the wrong entity judged the defendant guilty.'" Carella v. California, 491 U.S. 263, 269 (1989)(Scalia, J. concurring) quoting Rose v. Clark, 478 U.S. 570, 578 (1986).  "The right [to jury trial] includes, of course, as its most important element, the right to have the jury, rather than

---

[6] Government's Response at 102; U.S. v. Giordano, 442 F. 3d 30 (2d. Cir. 2006)

the judge, reach the requisite finding of guilty." United States v. Gaudin, 515 U.S. 506, 515 (1995) quoting Sullivan v. Louisiana, 508 U.S. 275, 277 (1993).

A defendant's Sixth Amendment right to effective assistance of counsel includes counsel's obligation to ensure that the Government's burden of proof is clearly communicated to the jury through the issuance of proper jury instructions.  See e.g. Gray v. Lynn, 6 F. 3d 265 (5th Cir. 1993)(Trial counsel's failure to object to erroneous jury instruction fell beneath objective standard of reasonable professional assistance, and trial counsel's failure to object to erroneous jury instruction resulted in prejudice to the defendant sufficient to undermine confidence in the outcome of his trial.) United States v. Span, 75 F. 3d 1383, 1386 (9th Cir. 1996)("We find that the [defendants] were denied their Sixth Amendment right to effective assistance of counsel due to their trial counsel's failure to offer proper jury instructions, and their counsel's failure to object to misleading instructions.")

"Juries are presumed to follow their instructions." Zafiro v. U.S., 506 U.S. 534, 540 (1993).  Correspondingly, juries will follow erroneous instructions and come to an erroneous finding of guilt.  The omission of the word "only" from the color of law instruction ignored the constitutional mandate of Classic, supra., and violated the Petitioner's due process rights to a fair trial.

### III.  TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PREPARE FOR AND LITIGATE THE FRANKS v. DELAWARE MOTION

The standard a defendant must meet in order to obtain a Franks hearing is clearly delineated.  Trial counsel's lack of preparation ensured that the Petitioner would not receive an evidentiary hearing and as a result, the wiretaps would not be suppressed.

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Franks v. Delaware, 438 U.S. 154, 171 (1978).

In contrast to the above, trial counsel submitted his motion with only an affidavit from the Petitioner, which was three sentences in length, and a newspaper article as corroboration. Indeed, the trial court (Nevas, J.) remarked on counsel's deficient performance in denying the Petitioner's motion for an evidentiary hearing. See N.T. 1/6/2003 at 21.

As articulated in the Petitioner's First Amended Motion under U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Reply to the Government's Response thereto, the Petitioner is prepared to present at an evidentiary hearing several witnesses who will demonstrate that the affidavit submitted by the FBI contained deliberate falsehoods and reckless disregard for the truth. These witnesses include Pat Mangini, former U.S. Marshal for the State of Connecticut, James Paolino and Madellaina DiBona, the alleged witnesses to the releases presented by the FBI to the court. Further, the undersigned has retained an expert witness who is prepared to testify that the FBI failed to adhere to the Confidential Informant Guidelines in its utilization of Timothy Longino as a confidential witness and how the FBI mislead the court in the initial search warrant application.

In consideration of trial counsel's repeated assertions as to the "damaging" nature

of the wiretap evidence,[7] trial counsel's failure to provide the court with any of the requisite support to garner a Franks hearing is truly ineffective. Had trial counsel adequately prepared for the Franks hearing, the falsities in the warrant would have lead to the suppression of the wiretap evidence. Absent this evidence, the Government would have been unable to secure conviction.

WHEREFORE, for all the afore-stated reasons, the Petitioner respectfully requests that an Evidentiary Hearing be granted in this pending matter.

Respectfully submitted,

this 3rd day of May 2013

***/s/Aaron J. Romano***

Aaron J. Romano, Esq. Bar ID #20100
Aaron J. Romano, P.C.
45 Wintonbury Avenue, Suite 107
Bloomfield, CT 06002
Tel (860) 286-9026/Fax (860) 286-9028
aaronromano@attorneyaaronromano.com

## CERTIFICATION

I hereby certify that on May 3, 2013 a copy of the foregoing Memorandum in Support of an Evidentiary Hearing on the Petitioner's First Amended Motion under U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: ***/s/ Aaron J. Romano***

Aaron J. Romano, Esq., Bar ID #20100
Aaron J. Romano P.C.
45 Wintonbury Avenue, Suite 107
Bloomfield, CT 06002
Tel (860) 286-9026/Fax (860) 286-9028
aaronromano@attorneyaaronromano.com

[7] See Affidavit of Attorney Bowman and Exhibits A and B attached thereto.