UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP GIORDANO,
    Petitioner,

    v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:11-cv-9 (SRU)

## ORDER

The petitioner, Philip Giordano, seeks to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.  Giordano is confined at United States Penitentiary Marion, in Marion, Illinois. Giordano's section 2255 petition, filed on January 4, 2011, raises numerous grounds for relief, stemming from assertions that his attorney rendered constitutionally ineffective assistance, both at trial and on appeal, and that the sentence imposed by the court was unconstitutional.  *See* Mot. to Vacate, Set Aside or Correct Sentence (doc. # 1).  On December 2, 2011, Giordano filed an amended petition, supplementing his claims and adding additional grounds for relief.  *See* Am. Mot. to Vacate, Set Aside or Correct Sentence (doc. # 84).  Giordano's amended section 2255 petition includes a claim that defense counsel was constitutionally ineffective because he failed to communicate a plea offer to Giordano in advance of the trial.

In order to prevail on an ineffective assistance of counsel claim, Giordano must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).  It is well settled that defense counsel must always communicate the terms of any plea bargain offered by the prosecution. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012); *Cullen v. United States*, 194 F.3d 401, 404 (2d Cir. 1999).  "Defense

1

counsel have a constitutional duty to give their clients professional advice on the crucial decision

of whether to accept a plea offer from the government" and the failure to communicate a plea

offer falls below "an objective standard of reasonableness" under the first prong of *Strickland*.

*Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003); *Cullen*, 194 F.3d at 403.

The failure to communicate a plea offer is prejudicial if there is a reasonable probability

that the defendant would have accepted the plea agreement if he had known of its terms.  *Id.*; *see*

*also Frye*, 132 S. Ct. at 1409.  A "significant disparity" between the sentence imposed and the

sentence in the plea offer, combined with the defendant's credible statement that he would have

accepted the offer is sufficient to support a finding of prejudice.  *Pham*, 317 F.3d at 182.

It is within the district court's discretion to decide if an evidentiary hearing is required to

determine whether the plea offer was communicated and whether the defendant suffered any

prejudice.  *Pham*, 317 F.3d at 184 (citing *Chang v. United States*, 250 F.3d 79, 85 (2d Cir.

2001)).  If the paper record is sufficient to resolve the relevant issues, then the district court may

conclude that no hearing is necessary.  *See id.*

Giordano's amended section 2255 petition asserts that defense counsel failed to apprise

him of a plea offer from the government, which he would have accepted instead of proceeding to

trial.  Giordano submitted an affidavit and a copy of a letter written by Andrew Bowman, his

attorney at trial and on direct appeal, to support this claim.  Am. Mot. to Vacate 8 and Ex. 2.  The

letter, dated February 27, 2003, states that the government previously offered Giordano a plea

deal with a fifteen-year sentencing cap and that the State of Connecticut was currently offering

Giordano a plea deal with an eighteen-year cap.  The letter further states that although the

government rescinded its offer on February 10, 2003, there was "still a deal to be made."

Finally, the letter explains Giordano's constitutional right to reject the offers and proceed to trial,

but emphasizes the damaging nature of the evidence against him and the potential consequences

at sentencing. *Id.* Ex. 2. Attorney Bowman signed the letter; Giordano did not. Bowman

initialed and dated the letter, noting that he gave it to Giordano, but that Giordano refused to

sign. *Id.* Giordano's affidavit states that he did not know that an offer for a fifteen-year cap was

on the table and he would have accepted the offer had he been aware of its existence. *Id.*

The government contends that there is sufficient evidence to discredit Giordano's self-

serving statements without a hearing. Attorney Bowman submitted an affidavit, which states

that he read the letter out loud to Giordano on February 27, 2003 and that Giordano rejected the

government's plea offer and refused to sign the letter. Bowman's affidavit also states that he had

informed Giordano of the potential plea offer on numerous occasions prior to that date, and that

he repeatedly discussed the possibility of a plea deal prior to the start of trial. According to

Bowman, Giordano repeatedly and continuously rejected Bowman's advice to take a plea.

Bowman Aff. (doc. # 130-1). The government argues that Bowman's word is trustworthy while

Giordano's is not, as evidenced by the two-level sentencing enhancement for obstruction of

justice in Giordano's PSR calculations, among other things. Gov't Resp. to Am. Mot. to Vacate

49 (doc. # 130).

If the government's plea offer was communicated to Giordano in the manner described in

Attorney Bowman's letter and affidavit, then Giordano was fully aware of the contents of the

offer and defense counsel was not ineffective. Giordano, however, did not sign the letter and his

affidavit states unequivocally that he never saw the letter and was unaware of the offer for a

fifteen-year cap. Even though Giordano has made false statements in the past, I cannot

definitively rule on his credibility, or that of Attorney Bowman, based on the paper record alone.

Thus, an evidentiary hearing is necessary to resolve this issue. The hearing, however, will be

limited solely to the issue whether defense counsel communicated the plea offer that Giordano

asserts he would have accepted.  At this time, it does not appear that a hearing is necessary to

resolve any of Giordano's other claims and no evidence on other issues will be received at the

hearing.

      Counsel shall confer to determine a feasible date for the hearing and shall report back to

the court no later than June 15, 2015 with a proposed date.

      It is so ordered.

      Dated at Bridgeport, Connecticut, this 28th day of May 2015.


                /s/ STEFAN R. UNDERHILL
                Stefan R. Underhill
                United States District Judge